## TIFFANY v. HANSEN et al.

Second Division.   Nome.   January 15, 1926.

No. 2996.

1. **Cancellation of Instruments** ⊚〰37(3)—**Pleadings—Fraud.**

The plaintiff brought suit for the cancellation of a deed alleged to have been procured by fraud. The only representation alleged to be false, and upon which plaintiff relied, is "that she had to sign a paper before she could get a deed of the property she had purchased." The complaint does not show what paper defendants had reference to, nor that plaintiff signed such paper. Plaintiff also alleged that she received no consideration for said deed. *Held*, for aught that appears the conveyance was voluntary; the representation was not one that plaintiff had a right to rely on. It was neither material nor relevant; it was a mere legal opinion, however false or untrue. *Held*, demurrer to the complaint sustained.

**2. Fraudulent Conveyances ⚖️⟹172(1)—Deeds—Want of Consideration.**

A voluntary conveyance has been held to be good as between the parties, though without consideration in fact.

Action to cancel deed and for reconveyance of property on account of·fraud. The only representation alleged to be false and upon which plaintiff relied is "that she had to sign *a paper* before she could get a deed of the property she had purchased." The plaintiff does not show what paper defendants had reference to, nor that she signed such paper, although she alleges that "the document actually signed" by her was a deed, and that she "was thereby induced to and did convey her real property as aforesaid to the defendant Alfred L. Hansen," and that she received no consideration for said deed.

Hugh O'Neill, of Nome, for plaintiff.
G. A. Adams, of Nome, for defendants.

LOMEN, District Judge. What property was conveyed does not appear, except inferentially. For aught that appears the conveyance was voluntary. The "representation" was not one upon which plaintiff had a right to rely. It was neither material nor relevant to the deed. It was a mere legal opinion, however false or untrue. Plaintiff was presumed to know the law. It implied, not only that plaintiff was required to sign a paper, before she could get the administrator's deed and become the "owner in fee," but it also implied that she was not then the owner in fee, which she alleges that she was on the day previous to the "false representations." A voluntary conveyance has been held to be good as between the parties, though without consideration in fact. We find no grounds alleged which would warrant a cancellation of the deed in question.

The demurrer is therefore sustained.

---

⚖️⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes